FILED - GR
June 9, 2008 3:48 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __ald____/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Laurie McMann,           )
                         )
         Plaintiff,      )
                         )   Hon.   **1:08-cv-543**
v.                       )          **Robert J. Jonker**
                         )          **US District Judge**
NCO Financial Systems, Inc., )
a Pennsylvania corporation, )
                         )
         Defendant.      )
_____)

**Complaint**

### I.   Introduction

1.   This is an action for damages and declaratory relief, brought by a consumer against a debt collector in response to the debt collector's practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 339.901 *et seq.*

### II.  Jurisdiction

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. § 2201.  Venue in this judicial district is proper because the pertinent events took place here.

### III. Parties

3.   Plaintiff Laurie McMann is a natural person residing in Kent County, Michigan. Mrs. McMann is a "consumer" and "person" as the terms are defined and used in the FDCPA.

1

Mrs. McMann is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA.

4. Defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation doing business at 507 Prudential Road, Horsham, Pennsylvania 19044. NCO is qualified to do business in Michigan. The registered agent for NCO is The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025. NCO is a "debt collector" as the term is defined and used in the FDCPA. NCO is a "collection agency" and a "licensee" as the terms are defined and used in the MCPA.

**IV. Facts**

5. On or about February 15, 2007, Mrs. McMann purchased a 2005 Dodge Caravan ("Dodge") from Messina Used Cars, Inc. ("Messina"). Mrs. McMann purchased the Dodge for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and used in the FDCPA and MCPA.

6. Mrs. McMann purchased the Dodge by retail installment sales contract. The contract named Mrs. McMann as the buyer/debtor and Messina as the seller/creditor. The contract stated that "any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto."

7. In connection with Mrs. McMann's purchase of the Dodge, Messina violated multiple federal and state consumer protection statues. Messina also violated the common law, including breach of contract and fraud.

8. Apparently, Messina later sold the contract to Capital One Auto Finance, Inc.

("Capone"), and/or Onyx Acceptance Corporation ("Onyx").

9. As a result of Messina's unlawful conduct, Mrs. McMann has repeatedly disputed owing anything to Messina, Capone, Onyx or anyone else in connection with her purchase of the Dodge.

10. In or about early October of 2007, Capone wrongfully repossessed the Dodge from Mrs. McMann.

11. On November 7, 2007, Capone supposedly sold the Dodge for $5,600.00.

12. By letter dated November 16, 2007, Capone advised Mrs. McMann that she owed an alleged deficiency balance of $5,539.58. A copy of the letter is attached hereto as Exhibit A.

13. Apparently, Capone placed the account with NCO for collection.

14. By letter dated November 20, 2007, NCO wrote Mrs. McMann and demanded payment of the debt. According to NCO, the alleged debt had grown from $5,539.58 to $7,142.72, an increase of $1,603.14 in just four days. A copy of the letter is attached hereto as Exhibit B.

15. NCO falsely represented the character, amount and legal status of the alleged debt.

16. On or about March 28, 2008, Mrs. McMann spoke by telephone with a NCO employee identified as Rancenna. The NCO employee demanded payment of the debt in the amount of $7,420.00. Mrs. McMann repeatedly stated that she disputed the debt and wanted proof of how the amount was calculated. The NCO stated that in order to dispute the debt, Mrs. McMann was required to dispute the debt in writing. The NCO employee promised that day to fax Mrs. McMann documentation on how the amount was calculated. The NCO employee stated that Mrs. McMann was then to call the NCO employee back at 877-895-5703, extension 1135, to

discuss a one-time settlement deal, to be paid in full by March 31, 2008. The NCO employee stated that the debt was growing at a rate of twelve percent per month, plus additional monthly costs and fees. The NCO employee never faxed anything to Mrs. McMann.

17. NCO falsely represented that in order to dispute a debt, Mrs. McMann was required to dispute the debt in writing.

18. In or about late May of 2008, Mrs. McMann spoke by telephone with a NCO employee identified as Kevin Fisher. The NCO employee demanded payment of the debt in the amount of $7,622.00. Mrs. McMann repeatedly stated that she disputed the debt and wanted proof of how the amount was calculated. Hearing that, the NCO employee became belligerent, stating that the only documentation Mrs. McMann would receive regarding the debt is when she is sued in the State of Michigan, and when that happens, Mrs. McMann will owe a lot more than $7,622.00. The NCO employee repeatedly shouted at Mrs. McMann, belittling her, insulting her, abusing her, and telling her to get an attorney. The NCO employee stated that derogatory information could remain on Mrs. McMann's credit report for ten years. The NCO employee threatened to close the account, send it back to Capone, and request that Capone file a lawsuit against Mrs. McMann.

19. NCO falsely threatened litigation.

20. NCO engaged in conduct, the natural consequence of which was to harass, oppress, and abuse Mrs. McMann.

21. The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, states that no consumer reporting agency may make any consumer report containing information regarding "accounts placed for collection or charged to profit and loss which antedate the report by more than seven

4

years." 15 U.S.C. § 1681c(a)(4). The running of the seven-year period begins "upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1).

22. NCO misrepresented the length of time for which derogatory information regarding an unpaid debt could remain on Mrs. McMann's consumer report.

23. NCO threatened to advise Capone to sue Mrs. McMann, thereby threatening to engage in the unauthorized practice of law.

24. The unlawful debt collection methods, acts and practices of NCO and its employees were willful.

25. NCO and its employees willfully violated the FDCPA and MCPA.

26. As an actual and proximate result of the acts and omissions of NCO and its employees, plaintiff has suffered damage for which she should be compensated in an amount to be established by jury and at trial.

**V.     Claims for Relief**

### Count 1 – Fair Debt Collection Practices Act

27. Plaintiff incorporates the foregoing paragraphs by reference.

28. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

    a)    Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

c) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that defendant's practices violate the FDCPA; and

e) Such further relief as the court deems just and proper.

### Count 2– Michigan Collection Practices Act

29. Plaintiff incorporates the foregoing paragraphs by reference.

30. Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor; and

c) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

### Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: June 9, 2008

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com